**Seferino S. RODRIGUEZ, et ux., Appellants,**

v.

**JIM WALTER HOMES, INC., Appellee.**

No. 1838.

Court of Appeals of Texas, Corpus Christi.

Oct. 29, 1981.

Rehearing Denied Nov. 19, 1981.

J. L. Covington, Richard Arroyo, Brownsville, for appellants.

Mike Mills, McAllen, for appellee.

## OPINION

BISSETT, Justice.

This is a consumer credit case. Seferino and Matilda Rodriguez [hereinafter "the plaintiffs"] sued Jim Walter Homes, Inc., and Mid-States Homes, Inc. [hereinafter "the defendants"] seeking statutory penalties and attorney's fees under the Texas Consumer Credit Code, and other relief.

The defendants do not deny that their contract with the plaintiffs violated the Credit Code. The primary issue in the trial court was whether the defendants timely sent a "cure" letter pursuant to Tex.Rev. Civ.Stat.Ann. art. 5069–8.01(c)(1) (Vernon Supp. 1980–1981). The jury found that the "cure" letter was timely sent and a take nothing judgment was rendered against the plaintiffs.

The plaintiffs first contend the trial court erred in admitting into evidence the contents of three envelopes. They contend the testimony of Sam Reyna, the regional supervisor for Mid-States, regarding the contents of the envelopes was hearsay, not within any exception to the rule, because he did not personally place the letters into the envelopes. They further contend that the letters were not properly proven under the Business Records Act, Tex.Rev.Civ.Stat. Ann. art. 3737e (Vernon Supp. 1980–1981).

The defendants' evidence showed, and the plaintiffs admit in their brief, that on three different occasions the defendants attempted to deliver the cure letter to the plaintiffs, but on each occasion their receipt was refused by the plaintiffs. At the trial, the plaintiffs denied ever refusing receipt of the letters.

Only the issues arising under the Credit Code were submitted to the jury. The jury's findings are summarized as follows:

(1) the defendants inserted a cure letter into an envelope and mailed it, by certified mail, to the plaintiffs' address within sixty days after January 18, 1978 and before April 28, 1978;

(2) the defendants inserted another cure letter into a second envelope and mailed it, by certified mail, to the plaintiffs' address within sixty days after January 18, 1978 and before April 28, 1978;

(3) the defendants placed the first two envelopes, and their contents, into a larger envelope and, through an agent, actually offered the envelope and its contents to the plaintiffs within sixty days after January 18, 1978; and

(4) an ordinary prudent person would have, with reasonable diligence, ascertained the contents of the last mentioned envelope.

None of the jury's findings are contested by the plaintiffs. They seek to avoid the effect of these findings by alleging the contents of the envelopes were not properly proven in the trial court. They do not deny that the "cure" letter was sufficient to relieve the defendants of liability.

Article 5069–8.01(c)(1) required the defendants, if they wished to avoid liability under the Credit Code, to give written notice to the plaintiffs of the violations within sixty days after discovery thereof. As already noted, the jury found that the defendants attempted to place three envelopes and their contents into the plaintiffs' possession. It further found that a reasonably prudent person would have discovered the contents of the envelopes. We hold that the defendants' good faith attempts to comply with article 5069–8.-01(c)(1) relieved them of liability under the Credit Code. Under the facts of this case, we consider the contents of the envelopes, and therefore the manner of their proof, to be immaterial. What is material is the defendants' attempts to communicate with the plaintiffs and the plaintiffs' bad faith refusal to permit same. Because of this refusal, the plaintiffs were charged with actual notice of the contents of the envelopes. See *Exxon Corp. v. Raetzer*, 533 S.W.2d 842, 846 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.).

A contrary holding would render the cure provision of article 5069–8.01 ineffective; a consumer who discovers a credit code violation could easily preclude a cure by simply refusing any communications from the creditor. This is what the plaintiffs attempted to do in this case, and this is what we refuse to condone. We have considered all of the plaintiffs' points of error and find them to be without merit; they are also overruled.

Judgment of the trial court is AFFIRMED.